# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:16CV594 HEA |
| AMY SCHEIBLER, et al., | ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No.'s 11 and 14].[1] For the reasons set forth below, the Motions are granted.

## Facts and Background

On July 3, 2014, Defendants Scheibler and Jamerson were in an automobile accident. Scheibler claims Jamerson was at fault for the accident and she sustained injuries as a result of the accident.

Plaintiff has an Excess Insurance Policy in effect that potentially insured Jamerson for the bodily injury damages allegedly sustained by Scheibler on July 3, 2014. Plaintiff has sent a denial of insurance coverage to Scheibler.

---

[1] Doc. No 9, although pending, has been rendered moot by the filing of the Amended Complaint and Defendant Scheibler's Motion to Dismiss and/or stay Plaintiff's First Amended Complaint.

Scheibler and Jamerson entered into an agreement to arbitrate Scheibler's claims against Jamerson pursuant to RSMo § 537.065. The arbitration was held on April 18, 2016. The arbitrator found in favor of Scheibler and against Jamerson. The Arbitration Award was confirmed by the Circuit Court of Jackson County on May 6, 2016.

Plaintiff filed this action on April 27, 2016 seeking a declaratory judgment from this Court that its insurance policy contains valid and enforceable conditions precedent to coverage; that certain conditions have been breached by Defendant Jamerson, and that it is relieved of any obligation to defend or indemnify her for any claims made or suits brought by Defendant Scheibler; and that Defendant Jamerson and Defendant Scheibler's actions have deprived Plaintiff of its rights under Article I §§ 10, 14 and 22A of the Missouri Constitution.

Defendant Scheibler filed an equitable garnishment proceeding against Plaintiff Empire and Defendant Jamerson on June 6, 2016 in the Circuit Court of Jackson County, Missouri on June 6, 2016, Cause Number 1616-CV-13492.

## Discussion

Under the Declaratory Judgment Act, a court "may declare the rights...of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise

satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "The question for a district court presented with a suit under the Declaratory Judgment Act... is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288.

The Eighth Circuit has instructed that a district court's "key consideration...is 'to ascertain whether the issues in the controversy between the parties to the federal action...can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.' " *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfied*, 218 F.3d 872, 874 (8th Cir. 2000)). If the issues would be better settled in the state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.' " *Capitol*

*Indem.*, 218 F.3d at 874-75 (quoting *Brillhart*, 316 U.S. at 495)); *see also Evanston Ins. Co.*, 530 F.3d at 713.

This case is similar to *Capitol Indemnity Corporation v. Haverfield*. After suit was filed against the insureds, Capitol Indemnity filed a declaratory judgment action in federal court contending the claims against the insureds were excluded from coverage. 218 F.3d at 873-74. While the declaratory judgment action was pending, the state court entered judgment against the insureds, and the state court plaintiffs filed a garnishment action against Capitol Indemnity. *Id.* at 874. The Eighth Circuit determined the district court abused its discretion by failing to dismiss or stay the declaratory judgment action. *Id.* at 875 (remanding the case to the district court with instructions that the case be dismissed). The Eighth Circuit noted the state and federal actions involved the same parties, the same issue, the same insurance policies, and the same arguments. *Id.*

In considering the pending motion to dismiss, the Court has weighed several factors. First, this proceeding and the state court proceeding are parallel. The same issues are being litigated by the same parties in different forums. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (stating that suits are parallel if "substantially the same parties litigate substantially the same issues in different forums.") (citation omitted). The same insurance policy is at stake, and the parties are asserting the same arguments.

4

Second, the garnishment action, although filed after this case commenced, is further along. A review of the docket in Missouri Casenet confirms that the parties have been notified of a case management conference scheduled for December 19, 2016. In this matter, the parties do not have to conduct their Rule 26 conference or submit their proposed scheduling order until sometime after the Court's ruling on the pending Motions to Dismiss. Discovery has not commenced.

Third, there are no issues of federal law, and the controversy can be better settled by the state court. Insurance contract interpretation is governed by state law.

Fourth, if this Court were to continue adjudicating this matter, there would be a risk of conflicting outcomes. And, it is uneconomical for this Court to proceed with this action, forcing the parties to litigate the same issues and make the same arguments in two separate forums.

Finally, Plaintiff argues that since its declaratory judgment action was filed before the garnishment action, its lawsuit should have priority and be allowed to proceed. The first-to-file rule, however, is not absolute. *See Cincinnati Ins. Co. v. R&L Siding, Inc.*, Case No. 2:01-CV-4091-NKL (W.D. Mo. June 21, 2002) (dismissing a declaratory judgment matter even though it had been pending longer than the state court garnishment action and stating that "the Court does not believe that the timing of [the declaratory judgment action] in comparison with the [garnishment action] is of significant import"); *see also Koch Engineering Co. v.*

*Monsanto Co.*, 621 F. Supp. 1204, 1207 (E.D. Mo. 1985) (citation omitted) (dismissing a declaratory judgment action in favor of later filed state court matter). In the context of this matter and the status of the parallel state court action, the Court is not compelled to strictly follow the first-to-file rule when determining whether to exercise jurisdiction under the Declaratory Judgment Act. *See e.g.*, *HBE Corp. v. Burrus*, Case No. 4:09-CV-906, 2009 WL 3517532, at * 4 (E.D. Mo. Oct. 23, 2009) (citations omitted).

Based on all of these factors, the Court declines to exercise jurisdiction over Plaintiff's declaratory judgment action. Following a decision to abstain from adjudicating a declaratory judgment action, this Court has discretion to dismiss or stay the federal action. The state court action will in all likelihood completely resolve the case, and Plaintiff has not set forth any argument as to any circumstances under which further federal proceedings may prove necessary. Based on the information and arguments before the Court, it is improbable that this matter will return to federal court. Accordingly, the Court elects not to stay this matter. The Court grants Defendants' motions to dismiss.

## Conclusion

Based upon the foregoing analysis, the Court concludes that this matter is more appropriately litigated in the Circuit Court for Jackson County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss, [Doc. No.'s 11 and 14], are granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 3rd day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE